IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher Lee Johnson, ) | Case No.: 6:24-cv-6461-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Lt. Cleveland, Lt. Ward, Sgt. Casados, ) and Lt. Johnson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 76), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report addresses Defendants' Motion for Summary Judgment (DE 57) and recommends that the Motion be granted.[1]

**A.     Background**

The Court incorporates the factual and procedural background set forth in the Report and Recommendation (DE 76). A brief summary is provided for context.

Plaintiff Christopher Lee Johnson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging that

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Defendants used excessive force against him and sexually assaulted him while he was incarcerated at Broad River Correctional Institution. (DE 1.) Plaintiff contends that on May 4, 2023, he complied with orders to place his hands behind his back but was nevertheless forced to the ground, sprayed with chemical munitions, and sustained multiple injuries. He further alleges that Defendants later assaulted him again and denied him adequate medical care. (*Id.*)

Upon initial review, the Court authorized service of Plaintiff's § 1983 claims against Defendants Lt. Cleveland, Lt. Ward, Sgt. Casados, and Lt. Johnson and dismissed Plaintiff's remaining claims and defendants. (DE 33.)

Defendants timely filed a Motion for Summary Judgment on the grounds that the force used was necessary to restore order, Lt. Cleveland was not involved in the alleged assault, Plaintiff received appropriate medical care, and Defendants are entitled to Eleventh Amendment and qualified immunity. (DE 57.) Because Plaintiff is proceeding *pro se*, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary-judgment procedures and the possible consequences of failing to respond adequately. (DE 58.)

Plaintiff filed a response in opposition to the Motion and requested additional time to obtain counsel and supporting documents. (DE 63; DE 66.) The Court granted Plaintiff an extension to supplement his response and later granted an additional extension after it appeared that Plaintiff's address had changed. (DE 67; DE 71.) Although Plaintiff filed a notice of change of address, he did not file a supplemental

response or submit additional evidence. (DE 74.) Accordingly, the Motion is ripe for review.

**B.     Report and Recommendation**

On January 21, 2026, the Magistrate Judge issued the Report recommending that Defendants' Motion for Summary Judgment (DE 57) be granted. (DE 76.) As set forth in the Report, the Magistrate Judge concluded that the undisputed evidence shows the force used against Plaintiff was applied in a good-faith effort to restore discipline after Plaintiff attacked another inmate and resisted officers and, therefore, does not rise to the level of an Eighth Amendment violation. The Report further determined that Plaintiff failed to present evidence supporting his allegation that Defendant Cleveland sexually assaulted him and that the record demonstrates Cleveland was not present during the incident.

The Magistrate Judge also found that, to the extent Plaintiff asserted a claim for deliberate indifference to medical needs, the record reflects that Plaintiff was taken for medical evaluation immediately following the incident and that Defendants were entitled to rely on the judgment of medical personnel. In addition, the Report concluded that Defendants are entitled to Eleventh Amendment immunity because Plaintiff sued them in their official capacities only and, to the extent Plaintiff intended to assert claims against Defendants in their individual capacities, that they are entitled to qualified immunity.

Accordingly, the Report recommends that summary judgment be entered in favor of Defendants and that this action be dismissed.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and the record in this case, the Court finds no clear error and adopts the Report (DE 76) in its entirety and incorporates it herein by reference. It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 57) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 4, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.